# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAINE SANDERS,<br><br>        Plaintiff,<br><br>       v.<br><br>DR. NEUBARTH, M.D., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-cv-00076-AWI-SMS P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOLLOWING PLAINTIFF'S DEATH<br><br>(Docs. 23, 26, and 27) |

    Plaintiff Germaine Sanders ("plaintiff") was a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action has been pending since January 19, 2005. On July 24, 2006, defendants filed a statement of fact of plaintiff's death on the record, and on July 31, 2006, the court issued an order notifying defendants that the ninety-day period set forth in Rule 25 had not been triggered by defendants' notice because there was no declaration of service or other proof reflecting that there had been proper service of the suggestion of death on the nonparty successors or representatives of plaintiff. Fed. R. Civ. P. 25. On August 15, 2006, defendants filed a proof of service stating that plaintiff's wife, Radiant Sanders, was personally served defendants' statement of fact of plaintiff's death on the record on August 9, 2006.

    Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of

statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party.

In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed. R. Civ. P. 25(a)(1); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Barlow v. Ground, 39 F.3d at 232-234. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469-471 (2d. Cir. 1998).

Plaintiff's wife was personally served with defendants' statement of fact of plaintiff's death on the record on August 9, 2006, and the ninety-day period expired on November 7, 2006.[1] Because no motion for substitution was filed on or before November 13, 2006, Fed. R. Civ. P. 6(e), the court HEREBY RECOMMENDS that this action be dismissed pursuant to Rule 25(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **December 21, 2006**            /s/ Sandra M. Snyder
icido3                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants submitted evidence that Mrs. Sanders is plaintiff's next of kin and successor in interest. (Doc. 27.)

2